IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2545<br><br>Master Docket Case No. 1:14-cv-01748<br><br>Honorable Matthew F. Kennelly |
| This Document Relates To:<br>*Rowley v. AbbVie Inc.*,<br>Case No. 1:15-cv-02760 | |

**ABBVIE'S MEMORANDUM IN SUPPORT OF BILL OF COSTS**

On June 14, 2018, this Court entered a Judgment in favor of Defendants AbbVie Inc. and Abbott Laboratories (collectively "AbbVie") on each of plaintiff Robert Rowley's claims (Docket No. 90). Pursuant to 28 U.S.C. § 1920, Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 54.1, AbbVie respectfully submits this memorandum, together with the accompanying Declaration of Andrew Rima (the "Rima Declaration"), in support of AbbVie's Bill of Costs, submitted herewith. As stated in the Rima Declaration, these costs are correct and were necessarily incurred in this action and the services for which the fees have been charged were actually and necessarily performed.

**LEGAL STANDARD**

As the prevailing party, AbbVie is entitled to recover costs from plaintiff. *See Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). Rule 54(d)(1) provides that the prevailing party should be allowed costs, "[u]nless a federal statute, these [Federal Rules of Civil Procedure], or a court order provide otherwise." Among the costs the Court may tax are: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily

1

obtained for use in the case; (3) Fees and disbursements for printing and witnesses; [and] (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920; *see also Weeks*, 126 F.3d at 945 ("The Supreme Court has determined that 28 U.S.C. § 1920 defines the term 'costs' as it is used in Rule 54(d)."). There is "a strong presumption that the prevailing party will recover costs, with the ultimate decision resting within the district court's discretion." *Id.*

## DISCUSSION

As set forth in the accompanying Bill of Costs and discussed in more detail below, AbbVie seeks (1) $21,017.32 for trial transcripts and original deposition costs (comprised of $12,089.70 for trial transcripts and $8,927.62 for deposition costs); (2) $4,489.96 for witness costs; and (3) $52,195.32 for exemplification expenses and copying costs, for a total amount of $77,702.60. *See* Rima Decl. Ex. A (Summary of Costs).

**I. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case - 28 U.S.C. § 1920(2)**

### A. Trial Transcripts

AbbVie seeks $12,089.70 for the pretrial conference and eight days of trial transcripts, including the Realtime feed and daily delivery, which were necessary for AbbVie to prepare for its examinations, its closing statement, and its Motion for Judgment as a Matter of Law (Docket Nos. 82, 83). *See* Rima Decl. Ex. B. Such costs were billed at the usual, official rate, and are properly recoverable. *See also In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 855–56 (N.D. Ill. 2015) (awarding Realtime charges to prevailing party); *Majeske v. City of Chicago*, 218 F.3d 816, 825–26 (7th Cir. 2000) (upholding district court's award of costs associated with daily transcripts).

B.     **Deposition Transcripts**

AbbVie seeks $8,927.62 for a portion of the costs associated with deposition transcripts. *See* Rima Decl. Ex. C. Recovery of costs for deposition transcripts is authorized if the depositions were "reasonably necessary." *Jack-Goods v. State Farm Mut. Auto. Ins. Co.*, No. 01 C 6536, 2004 WL 1672864, at *2 (N.D. Ill. July 23, 2004) ("The transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are 'reasonably necessary.'") (internal citations omitted). AbbVie seeks a portion of the costs related to obtaining the deposition transcripts of six witnesses who testified at trial, as these transcripts were reasonably necessary to prepare for direct and cross examinations. AbbVie also seeks costs relating to the deposition transcripts of three witnesses—Verle Duane Bohman, Teryl Hunsaker, and Douglas Hyldahl—whose deposition testimony was recited in Court, as these transcripts were necessary for selecting affirmative and counter designations. As set out in the Rima Declaration, AbbVie seeks a portion of the costs for the following deposition transcripts:

1. Bierer, Barbara;
2. Khera, Mohit;
3. Nand, Sucha;
4. Pence, Peggy;
5. Rinder, Henry;
6. Bohman, Verle Duane;
7. Hunsaker, Teryl;
8. Hyldahl, Douglas;
9. Rowley, Robert.

Copies of the invoices for these depositions are attached as Exhibit C to the Rima

Declaration.

Local Rule 54.1(b) limits deposition transcript costs to the "regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed." *See* N.D. Ill. L.R. 54.1(b). During the time discovery was taken in this case, that amount was $3.65 per page for original transcripts. *See* N.D. Ill. General Order 12-0003 (Jan. 26, 2012). Additionally, "[c]ourt reporter appearance fees may be awarded in addition to the per-page limit, but the fees shall not exceed the published rates on the Court website." *See* L.R. 54.1. Those rates are $110 for one half day (4 hours or less), and $220 for a full day attendance fee. *See* N.D. Ill. Transcript Rates, (available at http://www.ilnd.uscourts.gov/Pages.aspx?page=transcriptrates, last visited June 26, 2018). AbbVie has reduced its requests where the court reporter attendance fee or the actual deposition transcript cost exceeded the limits for this jurisdiction.

For depositions arranged by plaintiff, AbbVie seeks the actual, as-billed amounts. *See Intercontinental Great Brands LLC v. Kellogg N.A. Co.*, No. 13 C 321, 2016 WL 316865, at *3 (N.D. Ill. Jan. 26, 2016) (Kennelly, *J.*) (taxing "the full cost of the deposition transcripts for the depositions that IGB arranged"). For depositions arranged by AbbVie, AbbVie seeks only the regular copy rate referenced in N.D. Ill. L.R. 54.1.

For those witnesses whose deposition testimony is potentially applicable to any of the six other bellwether trials, AbbVie seeks only one seventh of the total available costs. This applies to Drs. Bierer, Khera, Pence, and Rinder.[1] Additionally, although AbbVie incurred costs associated with the depositions of numerous AbbVie employees (e.g., Michael Miller, Steven Wojtanowski, etc.), it does not now seek recovery of those costs because those depositions could potentially be

---

[1] Because Dr. Nand served as an expert in only this case, AbbVie seeks the full cost of his deposition.

4

used in future trials. AbbVie reserves the right to seek recovery for some or all of those costs in the future.

II. **Costs for witnesses - 28 U.S.C. § 1920(3)**

Pursuant to 28 U.S.C. § 1821(c)(4) and (d), AbbVie seeks costs for per diem lodging (at $215 per day) and subsistence (at $74 per day) for each day of trial testimony, as well as normal travel expenses, in the total amount of $4009.96 for Ballina, Bierer, Khera, Miller, and Wojtanowski. *See* Rima Decl. Exs. F-H. These amounts were calculated for witnesses for whom the location of the trial "is so far removed from [their] residence . . . as to prohibit return thereto from day to day." 28 U.S.C. § 1821(d)(1). *See Majeske v. City of Chicago*, 218 F.3d 816, 825–26 (7th Cir. 2000) ("Collectively, 28 U.S.C. §§ 1821 and 1920(3) authorize the award of costs to reimburse witnesses for their reasonable travel and lodging expenses."); *Hillmann v. City of Chicago*, No. 04 C 6671, 2017 WL 3521098, at *10 (N.D. Ill. Aug. 16, 2017) ("[C]ourts in this District have routinely awarded costs for expert witnesses' travel expenses.").

Pursuant to 28 U.S.C. § 1821(b), AbbVie also seeks $480 to pay "an attendance fee of $40 per day for each day's attendance" at trial, and the same fee for each day "necessarily occupied in going to and returning from the place of attendance," to all of AbbVie's witnesses. *See* 28 U.S.C. § 1821(b); Rima Decl. at pp. 3-6; *Nat'l Diamond Syndicate, Inc. v. Flanders Diamond USA, Inc.*, No. 00 C 6402, 2004 WL 1557765, at *4 (N.D. Ill. July 8, 2004) (taxing as costs the attendance fees in addition to travel and subsistence allowance).

III. **Fees for exemplification and copies of papers necessarily obtained for use in the case - 28 U.S.C. § 1920(4)**

Pursuant to 28 U.S.C. § 1920(4), AbbVie seeks $48,552 for the cost of "exemplification" in the form of "graphics services" and "demonstrative aids" presented to the jury in the form of

"computer-based . . . displays" during trial. *See Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427-28 (7th Cir. 2000); *see also* Rima Decl. Ex. D. Consistent with the Seventh Circuit's expansive view of reimbursable exemplification, courts may award significant costs for computer-generated trial graphics "necessarily obtained for use in the case," *Cefalu*, 211 F.3d at 428 (quoting 28 U.S.C. § 1920(4)); *see also Springer v. Ethicon, Inc.*, No. 17 C 3930, 2018 WL 1453553, at *16-17 (N.D. Ill. Mar. 23, 2018) (Kennelly, *J.*) (awarding $16,930 in costs for "computerized demonstrative exhibits and multimedia presentation" including "use of PowerPoint presentations and documents displayed on a courtroom projector"); *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, No. 08 C 0242, 2011 WL 5008425, at *7 (N.D. Ill. Oct. 20, 2011) (awarding $109,833.75 in costs for exemplification work and compensation to technology consultants). Particularly given the rapid pace of the *Rowley* trial, design and presentation of computerized exhibits was necessary to explain efficiently complex scientific and statistical concepts to a jury of laypeople. *See Springer*, 2018 WL 1453553, at *17 (noting, in complex medical products liability action, that computerized demonstratives were "reasonably necessary to present [the] case at trial"). For example, AbbVie's technicians produced intricate graphics explaining the biological mechanisms by which blood clots occur; changes in the plaintiff's hematocrit levels over time; the plaintiff's complex medical history; and the epidemiology of venous thromboembolism.

AbbVie also seeks $3,643.32 for the cost of creating three copies of all trial exhibits—a copy each for the witness, plaintiff's counsel, and AbbVie's counsel. *See* Rima Decl. Ex. D.

## CONCLUSION

For the foregoing reasons, AbbVie respectfully request that the Court tax plaintiff with the costs set forth in AbbVie's Bill of Costs.

Date: July 16, 2018

Respectfully submitted,

*/s/   Tarek Ismail*
Tarek Ismail
Shayna S. Cook
Andrew J. Rima
Michael J. Casner
Edward Dumoulin
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
564 W. Randolph St., Ste. 400
Chicago, IL 60661
Telephone: (312) 681-6000
Facsimile: (312) 881-5191
tismail@goldmanismail.com
scook@goldmanismail.com
arima@goldmanismail.com
mcasner@goldmanismail.com
edumoulin@goldmanismail.com

***Counsel for AbbVie Inc. and Abbott Laboratories***

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2018, I electronically filed the foregoing document to the Clerk of the United States District Court using the CM/ECF system for filing and service to all parties/counsel registered to received copies in this case.

*/s/ Tarek Ismail*