**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL 2545 <br><br> Master Docket Case No. 1-14-cv-1748 |
| This document relates to: <br> *Rowley v. AbbVie Inc.*, *Case No. 15-cv-2760* | Honorable Matthew F. Kennelly |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S BILL OF COSTS**

On July 16, 2018, Defendants AbbVie Inc. and Abbott Laboratories (collectively "AbbVie") submitted their Bill of Costs, outlining $77,702.60 in costs incurred defending against Plaintiff Robert Rowley's legal claims. Plaintiff objects to the requested amounts in AbbVie's Bill of Costs because, in many instances, AbbVie has provided conclusory and therefore inadequate support for these unnecessary or unreasonable costs.

Additionally, AbbVie's requested costs for $77,702.60 in the third VTE trial is significantly more than the costs sought in prior VTE trials. It is not logical and counter to the bellwether process that as more cases get tried, the costs per case increase – logic would dictate declining costs as a result of economies of scale. This is also true because AbbVie was not starting from scratch as AbbVie could use materials from the prior trials. Finally, given that *Rowley* and *Myers* were tried as very similar cases – cases without off-label marketing – to have costs in *Rowley* be three times the costs in *Myers* is on its face unreasonable.

Plaintiff respectfully requests the Court deny or at a minimum reduce the costs as explained herein or as the Court deems reasonable for the reasons set forth below.

**LEGAL STANDARD**

While Fed. R. Civ. P. 54 allows a prevailing defendant to recover reasonable costs incurred (*see* Fed. R. Civ. P. 54(d)), the burden of proof is on that defendant to prove "with evidence and not merely *ipse dixit* statement – that the costs were actually incurred, were reasonable in amount, and were necessary." *Trading Techs. Int'l Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 969 (N.D. Ill. 2010). Notably, "where a party fails to substantiate all of the costs it claims were necessary and reasonable, the Court will reduce the costs to the level supported by [the party's] proof - even if that is zero." *Id.* The Court's decision to award costs is afforded "virtually complete deference." *O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 989 (7th Cir. 2001) (citations omitted) (reviewing the district court's award of costs for "abuse of discretion"). Here, AbbVie has failed to meet its burden with regard to many of the costs sought.

**DISCUSSION**

1. **AbbVie's costs are unreasonable because this Defense-pick bellwether case was unrepresentative of the other VTE cases pending in the MDL.**

AbbVie submitted $77,702.60 for costs incurred defending a factually unique Defense-pick bellwether case that is not representative of other VTE cases pending in this MDL litigation. When the Court first requested potential bellwether trial cases, the Plaintiffs' Steering Committee ("PSC") explained that Plaintiff's case was unique among VTE cases because, *inter alia*, Plaintiff had undergone an orchiectomy procedure for the removal of one testicle. PSC's Proposal for Initial AbbVie-Only Bellwether Trial Cases, Case No. 1:14-cv-1748, Doc. No. 1407 at 37. However, AbbVie's bellwether proposal contained none of these critical, well-known facts. AbbVie Inc. and Abbott Laboratories' Proposal for Selection of Bellwether Cases for Trial, Case No. 1:14-cv-1748, Doc. No. 1406 at 15. AbbVie touted Plaintiff's case as representative because his case implicated

both "Clot-specific" and "non-Clot specific" "cross-cutting issues."[1] *Id.* at 15. Plaintiff's unique conditions were well-known at the time the parties proposed bellwether cases and it was clear over two years ago that this case would not resolve issues applicable to large numbers of litigants. In fact, as recently as the *Rowley* Pretrial Conference, the Court, *sua sponte*, questioned what would be learned by trying this Defense-pick case. *See Rowley* Pretrial Conf. Tr. at 5:1-2.[2]

Moreover, in this non-representative case, AbbVie has submitted a bill of costs far exceeding the other bellwether VTE cases tried to date, cases that were themselves costly.[3] *Id.* at 5:5-9. The reasonable expectation is that costs for the *Rowley* trial, which was the third VTE trial, should have at most remained constant from the prior VTE trial (which were just over $25,000), if not decreased, because AbbVie was not starting from scratch. Each bellwether trial case resolves issues applicable to all cases, ostensibly including Plaintiff's. In fact, *Myers* dealt with similar issues because that case was tried as a straightforward failure to warn case without any evidence of extensive off-label marketing by AbbVie.

---

[1] AbbVie identified the following as representative and important issues: (1) Plaintiff had hematocrit below 50% at the time of his injury; (2) Plaintiff was over 65 at the time of his AndroGel prescription and after the December 2007 label change for such a special population; (3) Plaintiff experienced a Clot injury after the April 2011 label change related to hematocrit levels; and (4) Plaintiff was prescribed AndroGel after the first-disease state awareness television commercial aired in May 2009. AbbVie failed to advise the Court of the unique issue of Mr. Rowley's orchiectomy in proposing the case to be included in the bellwether pool.

[2] In its responses to AbbVie's summary judgment motions, the PSC conceded Plaintiff's case is the one bellwether case that did not involve off-label use, which the Court noted in Case Management Order No. 48. PSC Memorandum of Law in Opposition to Motion of AbbVie Defs. For Summary Judgment on "Off-Label" Marketing Claims, Case No. 1:14-cv-1748, Doc. No. 1803 at 71 n. 23 & 76 n. 24; Case Management Order No. 14, Case No. 1:14-cv-1748, Doc. No. 1897 at 11 n. 1. However, when it became clear that that concession was not an accurate representation of the case or of how this Court had dealt with off-label marketing evidence in the litigation to date, AbbVie still fought to try this case as an on-label case, making it a non-representative case. *See generally*, Defendants' Omnibus Motion *In Limine*, No. 1:15-cv-2760, Doc. No. 40.

[3] *See Nolte* Bill of Costs, Case No. 1:14-cv-8135, Doc. No. 126 ($51,633.48); *see also Myers* Bill of Costs, Case No. 1:15-cv-1085, Doc. No. 72 ($25,220.74).



As evidenced in the chart above, AbbVie's costs for the *Rowley* trial are more than *triple* those submitted in *Myers*, despite the fact that (a) neither VTE trial dealt with evidence of AbbVie's off-label marketing; (b) both trials took roughly the same amount of time to conduct; and (c) both trials involved a similar numbers of witnesses (including 5 witnesses who testified in both trials).[4, 5] The *Rowley* and *Myers* trials were conducted in very similar fashions, yet AbbVie's costs in the *Rowley* trial tell a different story. Accordingly, Plaintiff respectfully submits that the amount AbbVie seeks in costs is unreasonable on its face.

Because AbbVie proposed this case despite knowing this trial would not resolve larger issues in the MDL, AbbVie's request for costs totaling $77,702.60 is unreasonable and Plaintiff respectfully submits that the Court should exercise its equitable authority to deny AbbVie's request

---

[4] In *Rowley*, twelve witnesses testified, of which nine witnesses testified live and three witnesses provided testimony through deposition transcripts read in open court. *See generally Rowley* Trial Tr., Case No. 1:15-cv-2760. In *Myers*, eleven witnesses testified, of which nine witnesses testified live and two witnesses provided testimony through deposition transcripts read in open court. *See generally Myers* Trial Tr., Case No. 1:15-cv-1085.

[5] In both *Rowley* and *Myers*, the Court heard live testimony from AbbVie corporate witness Michael Miller as well as expert testimony from Dr. Mohit Khera, Dr. Barbara Bierer, Dr. Peggy Pence, and Dr. Henry Rinder. *See generally Rowley* Trial Tr., Case No. 1:15-cv-2760; *see generally Myers* Trial Tr., Case No. 1:15-cv-1085.

in whole. *See Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 426 (7th Cir. 2000) ("In all cases, therefore, the court retains the equitable authority to deny compensation to a prevailing party for costs that are compensable under the statute."). Should the Court determine AbbVie is entitled to costs, Plaintiff respectfully requests that the Court reduce AbbVie's recovery as explained herein.

2. **Fees for exemplification and copies of papers necessarily obtained – 28 USC § 1920(4)**

   a. **AbbVie should not recover $48,552 in exemplification costs because it has not shown that these costs were reasonable or necessary.**

AbbVie has not provided adequate details for the $48,522 in exemplification costs such that this Court can determine whether those costs were reasonable or necessary.[6] The Court should not award costs for exemplification unless the Court can determine that the specific exemplifications were "necessarily obtained for use in the case." *Cefalu*, 211 F.3d at 428 (quoting 28 U.S.C. § 1920(4)). "In determining whether an exemplification expense was reasonably necessary, the court may consider whether the exemplification was 'vital to the presentation' or 'merely a convenience, or, worse, an extravagance.'" *Trading Techs. Int'l Inc.*, 750 F. Supp. 2d at 981 (quoting *Cefalu*, 211 F.3d at 428-29). To permit the court to make this determination, the prevailing party must provide the court with enough information to determine what exhibits were created and whether those exhibits were admitted for trial. *See Chi. Bd. Options Exch., Inc. v. Int'l Secs. Exch., LLC*, Case No. 07 CV 623, 2014 U.S. Dist. LEXIS 4701, at *7 (N.D. Ill. Jan. 14, 2014) ("Though the timesheets [the prevailing party] submitted demonstrate that time and effort went into graphics and presentation, it is not apparent what exhibits were created"); *Meyer v. Ward*,

---

[6] Plaintiff highlights that AbbVie, as explained herein, has provided no justification for its exemplification costs. However, setting aside AbbVie's failure to justify its request, the amount AbbVie has requested is patently unreasonable considering there was no need to create entirely new demonstratives or slide decks because AbbVie could build upon, if not completely reuse, materials developed for and used in the previous two VTE trials.

Case No. 13 C 3303, 2018 U.S. Dist. LEXIS 24855, at *5-6 (N.D. Ill. Feb. 15, 2018) (finding that vague invoice entries cannot justify award of costs where there is no indication of what exhibits were created, whether the exhibits were admitted at trial, or the work hours for each exhibit). In Exhibit D to AbbVie's Bill of Costs, AbbVie has included a four-page invoice from Immersion Legal for services rendered. Exhibit D to AbbVie's Bill of Costs, Case No. 1:15-cv-2760, Doc. No. 93-5 at 3-6. However, contrary to controlling case law, none of the invoice entries in Exhibit D to AbbVie's Bill of Costs reference specific exhibits or exhibits admitted in trial. Although some entries indicate that technicians spent time editing counsel's opening statement or an expert's slide deck,[7] the entries do not provide sufficient information to justify recovery of these costs. In fact, ten entries authored by "Haase" simply read: "Provide onsite support in Chicago, IL in preparation for Rowley trial per the request of T. Ismail." Solely considering these ten entries, AbbVie seeks to recover a staggering $31,008.00 based on this insufficient description. AbbVie failed to explain how such "onsite support" was necessary to creating a demonstrative exhibit, let alone a demonstrative exhibit necessary for use in the case. *See Trading Techs. Int'l Inc.*, 750 F. Supp. 2d at 981.[8]

At bottom, AbbVie's claim that it was necessary to explain Plaintiff's complicated medical history to a lay-jury over the course of a fast-paced trial does not alleviate AbbVie's need to meet its burden to show the costs incurred were reasonable and necessary. Here, other than through

---

[7] *See, e.g.,* Exhibit D to AbbVie's Bill of Costs, Case No. 1:15-cv-2760, Doc. No. 93-5 at 3 ("Edit opening slide deck and Bierer expert deck per the direction provided by T. Ismail and S. Cook.").

[8] Plaintiff highlights that the recovery for exemplification costs AbbVie has requested far exceed those of past VTE trials. *Myers* Bill of Costs, Case No. 1:15-cv-1085, Doc. Nos. 72 and 72-2 (requesting $5,620.60 for making copies and $132.00 for the creation of a demonstrative exhibit used at trial for a total of $5,752.60); *Nolte* Bill of Costs, Case No. 1:14-cv-08135, Doc. Nos. 126 and 126-1 (requesting $16,975.14 for taxable costs for making copies for trial and $973.51 in costs incurred for the creation of demonstrative exhibits for a total of $17,948.65).

conclusory statements, AbbVie has made no effort to show why $48,522 was a reasonable amount to spend on exemplification for a seven-day trial, especially as this was the third VTE trial to date. *See Springer v. Ethicon*, Case No. 17 C 3930, 2018 U.S. Dist. LEXIS 48870, at *58-59 (N.D. Ill. March 23, 2018) (Kennelly, J.). Plaintiff respectfully requests that this Court deny any award to AbbVie for its exemplification costs.

### b. AbbVie should not recover its photocopying costs because it has not shown the costs are authorized by 28 USC § 1920(4).

AbbVie has requested $3,643.32 in copying costs without documentation as to whether these costs were necessary. To recover copying costs, the prevailing party must submit "the best breakdown obtainable from retained records, and certainly enough information to allow the court to make a determination that the costs sought are, in fact, authorized by §1920." *Telular Corp. v. Mentor Graphics Corp.*, Case No. 01 C 431, 2006 U.S. Dist. LEXIS 44848, at *15 (N.D. Ill. June 16, 2006). The prevailing party must provide evidence to allow the court to determine whether the copies were for the court and opposing counsel and not just for the prevailing party's convenience. *Chi. Bd. Options Exch., Inc.*, 2014 U.S. Dist. LEXIS 4701, at *28-29. On page two of Exhibit D to AbbVie's Bill of Costs, AbbVie submitted an invoice for copying dated June 26, 2018, entitled "Invoice for copying – Goldman Ismail Tomaselli Brennan & Baum." Exhibit D to AbbVie's Bill of Costs, Case No. 1:15-cv-2760, Doc. No. 93-5 at 2. The invoice states the number of pages copied and the cost per page, but is devoid of information about what was copied, meaning this Court cannot determine whether these were necessary copies or whether they were made for the mere convenience of counsel. As AbbVie failed to provide any means to assess the reasonableness of its copying costs, Plaintiff requests that the Court deny any award to AbbVie for copying costs.

3. **Fees for printed or electronically recorded transcripts necessarily obtained for use in the case – 28 USC § 1920(2).**

   a. **AbbVie should not recover the costs for Realtime trial transcripts obtained in the trial because AbbVie has failed to show why Realtime was necessary for the entire trial.**

AbbVie has requested $8,009.40 for Realtime trial transcripts without adequate support that Realtime was necessary for the entire trial as opposed to merely a convenience. Although Realtime transcripts are appropriate where testimony implicates complex expert testimony, the prevailing party cannot recovery Realtime costs if those circumstances "were not present at every moment of this litigation" and Realtime was merely an "untaxable convenience to the prevailing party." *See Chamberlain Grp., Inc., v. Techtronic Indus. Co.*, Case No. 16 C 8097, 2018 U.S. Dist. LEXIS 86386, at *96-98 (N.D. Ill. May 23, 2018) (reducing costs for expedited transcripts, Realtime services, and laptop rentals related to hearings and trial by 15%). Plaintiff requests that this Court deny AbbVie's transcript costs with regard to Plaintiff's examination (48 pages at $4.20 per page for a total of $201.60), as his testimony did not constitute complex expert testimony. Further, the testimony of AbbVie's corporate witnesses Steven Wojtanowski (183 pages at $4.20 per page for a total of $768.60), Michael Miller (141 pages at $4.20 per page for a total of $592.20), and Mayra Ballina (239 pages at $4.20 per page for a total of $1003.80) similarly did not constitute complex expert testimony warranting Realtime trial services. Moreover, both Mr. Miller and Mr. Wojtanowski had testified in multiple prior trials such that nothing in their testimony required a Real-time transcription of their testimony. In sum, Plaintiff requests that the Court reduce AbbVie's compensation for Realtime trial transcripts by $2,566.20.

8

### b. AbbVie should not recover costs for unnecessarily expedited deposition transcripts.

AbbVie has requested the costs for expedited deposition transcripts without showing any need to expedite the transcripts. The prevailing party is authorized to recover the costs of deposition transcripts if the depositions were "reasonably necessary." *Jack-Goods v. State Farm Mut. Auto. Ins. Co.*, Case No. 01 C 6536, 2004 U.S. Dist. LEXIS 14228, at *6 (N.D. Ill. July 23, 2004). However, "the additional cost of *expedited transcripts* are not recoverable unless [the prevailing party] can show that the expedited transcripts were reasonable and necessary." *Oleksy v. GE*, Case No. 06-cv-1245, 2016 U.S. Dist. LEXIS 171505, at *23 (N.D. Ill. Dec. 12, 2016) (emphasis added) (citation omitted). Without justifying its need for expedited deposition transcripts, AbbVie has requested $247.20 for Dr. Mohit Khera's deposition taken January 10, 2017,[9] $159.20 for Dr. Barbara Bierer's deposition taken January 5, 2017,[10] $386.40 for Dr. Peggy Pence's deposition taken January 13, 2017,[11] and $435.69 for Dr. Henry Rinder's deposition taken January 23, 2017,[12] for a total of $1,228.49. For Dr. Sucha Nand's deposition taken January 24, 2017, AbbVie seeks the entire expedited deposition cost, totaling $1,322.75. Finally, AbbVie also seeks to recover the $876.30 expedited cost related to Plaintiff's second deposition taken January 27, 2017. *See* Exhibit C to AbbVie's Bill of Costs, Case No. 1:15-cv-2760, Doc. No. 93-4. Plaintiff highlights that these depositions were taken sixteen months before the *Rowley* trial and sufficiently before *Daubert* and summary judgment motions were due in the bellwether cases on February 17,

---

[9] Because AbbVie is seeking only one seventh of the deposition costs for this deposition, Plaintiff accordingly asks that the Court reduce recovery of the expedited transcript costs by one seventh of the costs to expedite the transcript. However, as AbbVie reserves its right to seek recovery for some or all of the costs in the future, Plaintiff reserves his right to oppose the same. *See* AbbVie's Memorandum in Support of Bill of Costs, Case No. 1:15-cv-2760, Doc. No. 94 at 5.
[10] *Id.*
[11] *Id.*
[12] *Id.*

2017. Case Management Order No. 14 – Part 2 (Fourth Amended), Case No. 1:14-cv-1748, Doc. No. 1588 at 5. Therefore, based on the schedule in the bellwether cases, AbbVie had no need to expedite the transcripts for which it seeks these costs.[13] *See Hillmann v. City of Chi.*, Case No. 04-cv-6671, 2017 U.S. Dist. LEXIS 130376, at *18-19 (N.D. Ill. August 16, 2017) (denying costs for expedited pretrial hearing transcript where trial occurred three weeks after the hearing). As AbbVie has provided no explanation of why it should recover the costs for expedited transcripts, Plaintiff respectfully requests the Court to reduce AbbVie's compensation for these expedited transcripts by $3,427.54.

### c. AbbVie should not recover rough draft costs for deposition transcripts.

AbbVie has requested compensation for the cost of rough drafts for nine depositions for which it also ordered final transcripts. Generally, rough drafts of transcripts "are considered to be obtained for the convenience of counsel" and the prevailing party cannot recover for these costs unless it provides an "adequate explanation of its need for draft transcripts." *Oleksy*, 2016 U.S. Dist. LEXIS 171505, at *19-20. Without justifying its need for rough drafts, AbbVie has requested $295.35 for the rough draft of Dr. Verle Duane Bohman's deposition taken on August 18, 2016, $239.25 for the rough draft of Teryl Hunsaker, P.A.'s deposition taken on July 8, 2016, $295.35 for the rough draft of Dr. Douglas Hyldahl's deposition taken on October 13, 2016, $367.00 for the rough draft of Dr. Sucha Nand's deposition taken on January 24, 2017, $80.71 for the rough

---

[13] In the alternative, should the Court find that the expedited transcripts were "reasonably necessary," Plaintiff respectfully requests that the Court reduce AbbVie's per page recovery for any expedited deposition to the "Expedited Transcript (7 Day)" rate of $4.85 per page pursuant to the maximum per page transcript rates allowable in the Northern District of Illinois. *See* Maximum Transcript Rates – All Parties (Per Page), N.D. Ill. Transcript Rates, http://www.ilnd.uscourts.gov/Pages.aspx?rsp2kxYIAI6Z3skP0PESA+q3bXKkfRyo.

draft of Dr, Mohit Khera's deposition taken on January 10, 2017,[14] $51.71 for the rough draft of Dr. Barbara Bierer's deposition taken on January 5, 2017,[15] $92.40 for the rough draft of Dr. Peggy Pence's deposition taken on January 13, 2017,[16] $104.19 for the rough draft of Dr. Henry Rinder's deposition taken on January 23, 2017,[17] and $369.60 and $209.55 for the rough draft costs of Plaintiff's two depositions, taken on March 9, 2016, and January 27, 2017, respectively. *See* Exhibit C to AbbVie's Bill of Costs, Case No. 1:15-cv-2760, Doc. No. 93-4.

As discussed above, given the briefing schedule, AbbVie had adequate time to receive the final transcripts for the depositions of Drs. Khera, Bierer, Rinder, Pence, and Nand.[18] Likewise, AbbVie had more than adequate time to receive the final deposition transcripts of Plaintiff, PA Hunsaker, and Drs. Bohman and Hyldahl, depositions taken months earlier. Case Management Order No. 14 – Part 2 (Fourth Amended), Doc. No. 1588 at 5; *see Hillmann*, 2017 U.S. Dist. LEXIS 130376, at *18-19. Given the timing, AbbVie obtained the rough drafts for these transcripts simply for "the convenience of counsel." *Oleksy*, 2016 U.S. Dist. LEXIS 171505, at *19-20. As AbbVie has provided no explanation of the need for these rough drafts, Plaintiff requests that this Court reduce AbbVie's recovery by the entirety of the costs of the rough drafts, or $2,105.11.

---

[14] Because AbbVie is seeking one seventh of the deposition costs for this deposition, Plaintiff accordingly asks that the Court reduce recovery of the rough draft costs by one seventh. However, as AbbVie reserves its right to seek recovery for some or all of the costs in future, Plaintiff reserves his right to amend his opposition accordingly. *See* AbbVie's Memorandum in Support of Bill of Costs, Case No. 1:15-cv-2760, Doc. No. 94 at 5.
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] Moreover, by seeking both rough transcripts and expedited final transcripts for these five experts, AbbVie seeks duplicative recovery for these costs.

### d. AbbVie should not recover for case specific depositions where the appearance fee exceeds the total per page rate established by the Judicial Conference.

AbbVie's request for court reporter appearance fees as part of the deposition costs has increased the total per page cost beyond the rate established by the Judicial Conference. Local Rule 54.1(b) allows recovery of appearance fees unless the fees exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed. N.D. Ill. L.R. 54.1(b). Although the appearance fees charged by private court reporters are reimbursable, those fees "are not recoverable to the extent that they make the overall cost of the deposition transcript exceed the regular copy rates approved by the Judicial Conference." *Higbee v. Sentry Ins. Co.*, Case No. 97 C 1349, 2004 U.S. Dist. LEXIS 10772, at *4-5 (N.D. Ill. June 11, 2004); *Baltimore v. Quinn-Mims*, Case No. 10 C 1031, 2012 U.S. Dist. LEXIS 149866, at *4-5 (N.D. Ill. Oct. 18, 2012) (citing *Higbee*, 2012 U.S. Dist. LEXIS 149866, at *6) (reducing prevailing party's recovery where the total per page rate inclusive of appearance fees exceeded the rate established by Judicial Conference). As outlined below, the appearance fees AbbVie has requested increase these depositions' total per page cost above the rate established by the Judicial Conference of the United States at the time the deposition was taken:[19]

---

[19] Plaintiff does not dispute that at the time discovery was taken in this case, the amount set by the Judicial Conference was $3.65 per page. *See* N.D. Ill. General Order 12-0003 (Jan. 26, 2012).

| CHART 2 - DEPOSITION COSTS OF PLAINTIFF'S CASE SPECIFIC WITNESSES | | | | | | |
|---|---|---|---|---|---|---|
| Deposition | Pages | AbbVie's Per-Page Cost | Total Cost (not including Appearance Fee or Exhibit Costs) | Total Cost at Judicial Conference Rate ($3.65 per page) | AbbVie's Requested Appearance Fee | (Total Cost Judicial Conference Rate) – (AbbVie's Total Cost) = **Permissible Appearance Fee Award** |
| Dr. Verle Duane Bohman | 179 | $3.10 | $554.90 | $653.35 | $245.00 | **$98.45** |
| Teryl Hunsaker, PA | 145 | $3.10 | $449.50 | $529.25 | $245.00 | **$79.75** |
| Dr. Douglas Hyldahl | 179 | $3.10 | $554.90 | $653.35 | $245.00 | **$98.45** |
| Robert Rowley – 03/09/2016 | 224 | $3.10 | $694.40 | $817.60 | $245.00 | **$123.20** |
| Robert Rowley – 01/27/2017 | 127 | $3.65 | $463.55 | $463.55 | $245.00 | **$0.00** |

Plaintiff respectfully requests that this Court reduce the recovery of appearance fees by $825.15 to reflect the rates established by the Judicial Conference at the time the deposition was taken.

4. **Costs for Witnesses – 28 U.S.C. § 1920(3)**

   a. **AbbVie should not recover for the lodging and transportation costs for witnesses living in the Chicago-area or surrounding suburbs.**

AbbVie is requesting compensation for travel and overnight lodging expenses for witnesses who live in the Chicago-area or surrounding suburbs. Recovery is permitted for "subsistence paid to a witness when an overnight stay *is required* at the place of attendance because such place is so far removed from the residence of such witness as to *prohibit return* thereto from day to day." 28 U.S.C. § 1821(d)(1) (emphasis added). However, a court can deny recovery for transportation and lodging costs expended for witnesses who live close to the place of attendance. *Trading Techs. Int'l*, 750 F.Supp. 2d at 973-74 (denying recovery of lodging costs for primary expert witness who lived within six miles of courthouse). AbbVie has requested $430.00 for lodging and $138.00 for

13

transportation costs[20] for AbbVie employee Steven Wojtanowski. However, according to witness lists from earlier bellwether trials, Mr. Wojtanowski lives in Evanston, Illinois and resides approximately thirteen miles from the Everett M. Dirksen U.S. Courthouse, a distance such that Mr. Wojtanowski can return to his residence from "day to day." *See, e.g.,* Schedule A to Pretrial Order, Plaintiffs' Witness List in Mitchell, Case No. 1:14-cv-9178, Doc. No. 9-1 at 10. AbbVie has also requested $215.00 for lodging and $115.38 for transportation costs for AbbVie employee Michael Miller. Per his own testimony in *Rowley*, Mr. Miller resides in Libertyville, Illinois, which a cursory search reveals to be approximately forty miles from the courthouse. *Rowley* Trial Tr. at 1335:5-7, Case No. 1:15-cv-2760. Although Mr. Miller's commute would have taken longer than Mr. Wojtanowski's commute, it is not so far as to *prohibit return* to his residence each day. In fact, per Exhibit G, AbbVie submitted an invoice $46.88 charges for personal car mileage, suggesting Mr. Miller drove *his personal car* to Chicago for use during the trial. Exhibit G to AbbVie's Bill of Costs, Case No. 1:15-cv-2760, Doc. No. 93-8 at 2. Given these witnesses' proximity to the place of attendance and their ability to return home, Plaintiff requests that the Court deny recovery of these costs for both witnesses and reduce AbbVie's recovery by $898.88.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court (a) deny AbbVie's requested costs in their entirety, or (b) in the alternative, reduce the costs sought in AbbVie's Bill of Costs as outlined in this memorandum or as the Court deems reasonable.

---

[20] From two $69.00 charges for "valet services." Exhibit H, Case No. 1:15-cv-2760, Doc No. 93-9 at 3.

Dated: August 6, 2018	Respectfully submitted,

/s/ *Seth A. Katz*_____
Seth A. Katz
Meghan C. Quinlivan
BURG SIMPSON
ELDREDGE HERSH & JARDINE, P.C.
40 Inverness Dr. E.
Englewood, CO 80112
Telephone: (303) 792-5595
Facsimile: (303) 708-0527
Email: skatz@burgsimpson.com
Email: mquinlivan@burgsimpson.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2018, I electronically filed the foregoing document to the Clerk of the United States District Court using the CM/ECF system for filing and service to all parties/counsel registered to receive copies in this case.

*/s/ Seth A. Katz*_____