IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: TESTOSTERONE | ) | |
| REPLACEMENT THERAPY | ) | MDL No. 2545 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | Master Docket Case No. 1:14-cv-01748 |
| | ) | |
| | ) | Honorable Matthew F. Kennelly |
| | ) | |
| This Document Relates To: | ) | |
| *Rowley v. AbbVie Inc.*, | ) | |
| Case No. 1:15-cv-02760 | ) | |

**ABBVIE'S REPLY IN SUPPORT OF BILL OF COSTS**

Plaintiff's untimely response[1] fails to carry his "burden to affirmatively show that the prevailing party is not entitled to costs." *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991). He first claims *no* costs should be awarded because this case was a poor bellwether pick given Mr. Rowley's on-label AndroGel prescription. But governing authority does not include bellwether-appropriateness as a criterion for awarding costs, and Plaintiff fails to mention that the Plaintiffs' Steering Committee ("PSC") explicitly chose not to argue that Mr. Rowley's on-label prescription affected his case's bellwether eligibility. Plaintiff then contends that AbbVie's overall costs are too high, even though they are far lower than the plaintiffs' costs in all past cases won against AbbVie.

Plaintiff's arguments opposing particular costs fare no better. In several areas, including exemplification and copying, Plaintiff complains that AbbVie lacks overly meticulous records not required by law. Plaintiff also accuses AbbVie of requesting reimbursement for certain deposition expenses when AbbVie made no such requests, and also ignores recent amendments to the local rules when criticizing AbbVie's request for court reporter appearance fees. AbbVie respectfully asks that the Court tax in full the costs enumerated in its bill of costs.

1. **The bellwether selection process, during which the PSC failed to emphasize Plaintiff's on-label prescription, is irrelevant to the bill of costs.**

Plaintiff cites no authority for his first argument: that because *Rowley*, a case he filed and prosecuted, "is not representative of other VTE cases," the billed costs are "unreasonable." *See* Plaintiff's Opposition to Bill of Costs ("Pl. Opp.") at 2. AbbVie cannot locate a single order denying a prevailing party's costs for that reason. The general rule is that "costs—other than

---

[1] *See* Local Rule 47.1 ("The opposing party shall file an answering brief within 14 days of receiving the supporting brief."). Since Plaintiff's response came 21 days after AbbVie's brief in support of its bill of costs, AbbVie respectfully requests that the Court disregard the entire response as a threshold matter and award the costs initially requested. (*See Rowley v. AbbVie*, ECF 94, 95).

1

attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "The Seventh

Circuit has recognized only two situations in which the denial of costs might be warranted: the first

involves misconduct of the party seeking costs, and the second involves a . . . [situation in which]

the losing party is indigent." *Merix Pharm. Corp. v. Clinical Supplies Mgmt., Inc.*, 106 F. Supp. 3d

927, 941 (N.D. Ill. 2015) (Kennelly, *J.*) (quotation marks omitted) (citing *Mother & Father v.*

*Cassidy,* 338 F.3d 704, 708 (7th Cir. 2003)). The "exceptional" misconduct required to forfeit costs

includes situations where a party "failed to comply with [a] Court's discovery orders on multiple

occasions." *Id.* (brackets omitted). These rules do not cover Plaintiff's objection about bellwether

selection. Essentially, Plaintiff complains that the case he filed and prosecuted for years actually

went to trial—and "buyer's remorse" is no reason to eliminate costs.

Further, if the PSC believed this case was unrepresentative because of Mr. Rowley's on-

label prescription, it should have made that argument during the bellwether selection process. The

PSC said nothing at the bellwether selection conference about Mr. Rowley's on-label prescription

—the aspect of this case the Court suggested was unrepresentative.[2] That is true even though ***the***

***Court specifically asked about it***. At the conference, the Court asked the PSC whether "the

plaintiff [is] contending that [Mr. Rowley's orchiectomy] had something to do with the AndroGel

usage." (ECF 1429 at 67). The Court remarked that "[i]t didn't sound like you were." (ECF 1429 at

67). Christopher Seeger said the Court was "[r]ight" that the PSC did not believe the orchiectomy

related to Mr. Rowley's AndroGel use, and that "[t]he theory for us really is the Crohn's" disease

made the case unrepresentative. (ECF 1429 at 67). Notably, as this Court remarked at the *Rowley*

pretrial conference, Mr. Rowley's on-label use was "information known by both sides" early in the

---

[2] At the pretrial conference, the Court suggested that this trial might not be representative because "there's nothing crosscutting about a case with an on-label plaintiff." *See Rowley* Pretrial Conf. Tr. at 5:1-2.

litigation. *Rowley* Pretrial Conf. Tr. at 5:13-14. The Court should not allow Plaintiff to benefit from his earlier silence on this subject, particularly since he seeks equitable relief. *See, e.g.*, *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 825 (7th Cir. 1999) (noting that doctrine of "unclean hands" captures the "belief that an equitable defense . . . cannot be used to reward a party's inequities").

Finally, even if *Rowley* had not been a bellwether case, it may well have been tried after MDL proceedings ended. Federal law contemplates that cases will proceed to trial following "consolidated *pretrial* proceedings" in an MDL. 28 U.S.C. § 1407(a) (emphasis added). Had that happened with this case, costs would have been incurred regardless of bellwether selection.

**2. The overall costs are reasonable, and lower than in any case plaintiffs have won.**

Plaintiff next argues that AbbVie's overall costs were too high—an argument ignoring that plaintiffs have billed even higher costs in ***every case*** they have won against AbbVie.[3]



A complaint that AbbVie's costs are too high rings hollow given plaintiffs' own spending.

Additionally, costs billed in this case were higher than in *Nolte* and *Myers* for several

---

[3] *See Mitchell I* Bill of Costs, Case No. 1:14-cv-9178, Dkt. No. 99 at 1 ($100,301.60); *Konrad II* Bill of Costs, Case No. 1:15-cv-00966, Dkt. No. 120 at 1 ($113,236.50); *Mitchell II* Bill of Costs, Case No. 1:14-cv-9178, Dkt. No. 192 at 1 ($101,936.72).

reasons. First, after *Myers*, this Court issued an opinion in *Springer v. Ethicon, Inc.*, No. 17 C

3930, 2018 WL 1453553 (N.D. Ill. Mar. 23, 2018), which provided guidance suggesting that costs

not sought in past cases may be reimbursable. And second, even if AbbVie requests some costs for

the first time in this case, that is entirely permissible. There is no "use it or lose it" rule requiring

AbbVie to demand reimbursement for all costs in each trial, or else forever waive them in future

cases.

Plaintiff also argues, repeatedly, that AbbVie might have "completely reuse[d] materials

developed for and used in the previous two VTE trials." Pl. Opp. at 5 n.6. This suggestion is

puzzling since *Rowley* involved several witnesses who had not appeared in any previous trial,

including Mayra Ballina, a major witness called by Plaintiff. Moreover, the plaintiffs' medical

histories and injuries have varied dramatically among the bellwether cases; those facts cause

significant differences in witness testimony and largely define the disputes. Wholesale re-use of

previous materials is thus impossible.

### 3. All specific costs requested are reasonable and necessary.

AbbVie's requested costs are reasonable, and were spent for items "necessarily obtained for

use in the case." *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000).

#### a. AbbVie's exemplification expenses are reasonable given the case's complexity and pace

AbbVie's invoices appropriately demonstrate necessary expenditures for electronic

exemplification during trial, and Plaintiff is wrong that AbbVie must "reference specific exhibits or

exhibits admitted in trial" for reimbursement, *see* Pl. Opp. at 6. A prevailing party need not submit

"a description so detailed as to make it impossible economically to recover . . . costs," but merely

should "provide the best breakdown obtainable from retained records." *Northbrook Excess &*

*Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). AbbVie's invoices

cover only those costs for creation and display of electronic slides accompanying witness examinations and opening and closing statements—slides necessary to counter Plaintiff's wide-ranging and complex medical theories as to how AndroGel may have caused deep vein thrombosis. *See* Mem. In Supp. Of Bill of Costs at 5-6; Rima Decl. Ex. D. All other items have been removed from the invoices. It is unclear what benefit would come from the minute details Plaintiff apparently seeks: a breakdown of money spent on each slide. And this Court has required no such detail in past cases, particularly where, as here, a party needed to explain highly technical subjects to lay juries in a short time. In *Springer (Herrera-Nevarez) v. Ethicon, Inc.*, the prevailing party supplied broad categories of exemplification expenses, which the opposing party criticized as "not provid[ing] sufficient detail regarding the costs." 2018 WL 1453553 at *17 (N.D. Ill. Mar. 23, 2018) (Kennelly, *J.*). This Court did not agree that a somewhat general report of expenses foreclosed compensation. *See id*. The same logic applies here.

### b. AbbVie explained exactly what materials were photocopied, and the costs are authorized by statute

Though Plaintiff complains that AbbVie's request for $3,643.32 in copying costs "is devoid of information about what was copied," Pl. Opp. at 7, that is not so. AbbVie's memorandum supporting the bill of costs explained that these costs were required for "creating three copies of all trial exhibits—a copy each for the witness, plaintiff's counsel, and AbbVie's counsel." Mem. in Supp. of Bill of Costs at 6. Contrary to Plaintiff's view, "[p]arties are not required to account for each page photocopied in order to recover such costs." *Pennsylvania Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, 76 F. Supp. 3d 722, 738 (N.D. Ill. 2014) (Kennelly, *J.*), *rev'd on other grounds sub nom. Pennsylvania Chiropractic Ass'n v. Indep. Hosp. Indem. Plan, Inc.*, 802 F.3d 926 (7th Cir. 2015). These essential copies should be taxed as costs.

### c. Realtime transcriptions were reasonably necessary during this fast-paced, complex trial

Given the pace and complexity of trial and the large number of witnesses each day, Realtime transcription was reasonably necessary so counsel could fully comprehend testimony and prepare questions while present in court. Ordinarily, counsel might rely on transcripts issued each evening to review testimony and prepare questions, but, in this case, that was not possible. For example, both Mr. Rowley and Mr. Miller testified during a single day, meaning that counsel needed to formulate questions while those witnesses were testifying about medical or scientific topics. *See* Pl. Opp. at 8 (mentioning Rowley and Miller as witnesses for whom Realtime transcription was supposedly unnecessary). And every witness's testimony implicated complex scientific topics, which counsel needed to comprehend fully to ask effective cross-examination or re-direct questions on the same day as the testimony. AbbVie thus requests costs for Realtime transcription. *See Kinzenbaw v. Case LLC*, No. 05-1483, 2006 WL 1096683, at \*6 (Fed. Cir. Apr. 26, 2006) (affirming district court's taxing of Realtime trial transcription).

### d. AbbVie's deposition expenses were limited to amounts set by local rule, except for depositions arranged by Plaintiff

Plaintiff objects to deposition fees AbbVie supposedly requested for expedited transcripts or rough drafts for all witnesses. First, Plaintiff is simply mistaken that AbbVie "requested compensation for the cost of rough drafts" for Bohman, Hunsaker, or Hyldahl's deposition transcripts. AbbVie did not request those costs at all, despite having paid them.[4] *See* Rima Decl. Ex. A (chart noting charge of $3.10 per page for Bohman, Hunsaker, and Hyldahl, plus $245 court reporter appearance fee, and no fee for "rough drafts"). For Rinder, Pence, and Rowley, AbbVie

---

[4] Plaintiff misstates numerous costs regarding depositions because he looks only to AbbVie's supporting invoices. He does not refer to the amounts AbbVie has actually requested in costs, which are listed in the Rima Declaration and Exhibit A thereto.

reduced total billing rates for deposition transcripts to $3.65 per page, plus an appearance fee, pursuant to local rules. *See* Rima Decl. Ex. A (chart noting reduction of per-page rate to $3.65); *see also* L.R. 54.1(b); N.D. Ill. General Order 12-0003 (Jan. 26, 2012). This per-page rate of $3.65 for those three witnesses includes charges for ordinary per-page transcription, expedited fees, and rough drafts while capping the rate at the limit set by local rule. Further, Plaintiff arranged depositions for Bierer, Khera, and Nand; thus, for those, AbbVie seeks the full as-billed amount. *See Intercontinental Great Brands LLC v. Kellogg N.A. Co.*, No. 13 C 321, 2016 WL 316865, at *3 (N.D. Ill. Jan. 26, 2016) (Kennelly, *J.*) (taxing "the full cost of the deposition transcripts for the depositions that IGB arranged").

To the extent Plaintiff objects to *any* expedited fee—even when the total per-page amount is lowered to meet local rules—AbbVie notes that all depositions for which it seeks to recoup expedited service occurred in January 2017. With summary judgment briefs due February 17, expedited service was necessary. *See, e.g.*, Ex. C to Rima Decl. (noting that Rinder deposition occurred January 23, Nand deposition occurred January 24, and Rowley second deposition occurred January 27); *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007) (affirming district court's taxing of costs for expedited transcripts and rough drafts).

### e. Plaintiff ignores recent amendments to Local Rule 54.1 providing that appearance fees of court reporters at depositions are taxable

Plaintiff argues AbbVie cannot recover court reporter appearance fees in addition to billing the maximum per-page amount set by Local Rules, *see* Pl. Opp. at 12-13, but this argument simply misses a recent Local Rules amendment allowing AbbVie to do just that. According to Local Rule 54.1, "[c]ourt reporter appearance fees may be awarded ***in addition to*** the per page limit" set by the Judicial Conference. L.R. 54.1(b) (emphasis added). Commentary to Local Rule 54.1 clarifies that, in 2013, the rule was "amended in response to the Seventh Circuit Court of Appeals decision in

*Harney v. City of Chicago*[, 702 F.3d 916 (2012)], in which the Court of Appeals recommended adoption of 'an amendment of that rule [LR 54.1] clarifying the availability of court reporter appearance fees *over and above* the allowable per page amount.'" L.R. 54.1 cmt. (emphasis added). Plaintiff's objection simply misunderstands the local rules, and relies exclusively on pre-2013 opinions issued when such reimbursement was not always permitted. *See* Pl. Opp. at 12 (citing only cases from 2012 and before).

### f. AbbVie's lodging and transportation costs for out-of-town witnesses are taxable

Plaintiff objects to lodging and transportation costs for Miller and Wojtanowski—both out-of-town witnesses called by the Plaintiff—and argues that they live close enough to have gone home and come back for trial each day. *See* Pl. Opp. at 13-14. Given the difficulty of commuting by car to the downtown Chicago area, as well as uncertainty as to the day each of these witnesses would be required to testify, AbbVie believes their charges are "reasonable travel and lodging expenses" and thus permissible. *See Majeske v. City of Chicago*, 218 F.3d 816, 825–26 (7th Cir. 2000). The case Plaintiff cites to support his argument concerns a witness who lived in Chicago "within six miles of the courthouse" where a trial was held. *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 973 (N.D. Ill. 2010). That is not comparable to the present situation, where Miller, for example, lives roughly forty miles out of town and would have been significantly burdened by a requirement to commute. Moreover, to ensure efficiency and to respect the time of both the Jury and the Court, each witness was required to be available at a moment's notice to get on the stand immediately following the prior witness. This necessitated that these witnesses secure accommodations near the Dirksen Courthouse.

### 4. Conclusion

AbbVie respectfully requests that the Court tax all costs in AbbVie's bill of costs.

Date: August 13, 2018                                    Respectfully submitted,

                                                         */s/   Tarek Ismail*
                                                         Tarek Ismail
                                                         Shayna S. Cook
                                                         Andrew J. Rima
                                                         Michael J. Casner
                                                         Edward Dumoulin
                                                         GOLDMAN ISMAIL TOMASELLI
                                                         BRENNAN & BAUM LLP
                                                         564 W. Randolph St., Ste. 400
                                                         Chicago, IL 60661
                                                         Telephone: (312) 681-6000
                                                         Facsimile: (312) 881-5191
                                                         tismail@goldmanismail.com
                                                         scook@goldmanismail.com
                                                         arima@goldmanismail.com
                                                         mcasner@goldmanismail.com
                                                         edumoulin@goldmanismail.com

                                                         ***Counsel for AbbVie Inc. and Abbott
                                                         Laboratories***

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2018, I electronically filed the foregoing document to

the Clerk of the United States District Court using the CM/ECF system for filing and service to

all parties/counsel registered to received copies in this case.


*/s/ Tarek Ismail*

1